STEPHEN F. BIEGENZAHN (State Bar No. 60584)
**LAW OFFICE OF STEPHEN F. BIEGENZAHN**
611 W. 6th St., Suite 850
Los Angeles, California 90017-3015
Telephone: (213) 617-0017
Facsimile: (480) 247-5977
Email: Steve@SFBLaw.com

[Proposed] Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**GARTEL CORP.** California corporation,<br><br>Debtor. | Case No.: 2:10-bk-55744-VZ<br><br>Chapter 11<br><br>**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**<br><br>Date:  December 16, 2010<br>Time: 9:30 a.m.<br>Ctrm:  1368 |

    Gartel Corp**.** California corporation, debtor in possession in the above- captioned chapter 11 case ("Debtor" and "Case", respectively) through its counsel, submits this Memorandum in opposition to the Motion To Dismiss [etc.] filed the United States Trustee ("Motion" and "UST" or "Movant"). For reasons amplified below, the Motion should be denied.

/////

/////

**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**

1

**I. BACKGROUND**

The Case was compelled by the efforts of the Trustees of the Southern California IBEW-NECA, et al. ("Trust Funds") $123,170.62 for allegedly unpaid dues dating back to 2003 and 2004 ("Judgment"). The levy caused the Los Angeles Unified School District ("LAUSD") to freeze funds owed to Debtor pre-petition; and to discontinue processing of payments which had been earned and had, for all intents and purposes, come due. As of the date of this writing, the LAUSD has not remitted funds; and is not processing payments, despite the fact that $318,247.97 has come due.[1]

The Case was commenced October 25, 2010 ("Petition Date"); and the Debtor and its counsel have been engaged, almost continuously since the Petition Date, in "litigation" with the Trust Funds over turnover; then over cash use; and administrative compliance has been rendered difficult. Nonetheless, Debtor would insist it is in substantial compliance with relevant criteria; and that it expects to be in full compliance by the date of the hearing on the Motion.

**II.    THE MOTION**

The Motion sounds under section 1112 of the Bankruptcy Code. In order to prevail, Movant must establish, to the satisfaction of the Court, that "cause" exists which justifies the conversion of a reorganization case to a liquidation case, or its dismissal. The term "cause" is defined – though not exclusively—in subpart (b)(4) of section 1112. Despite sixteen separate species of "cause" catalogued in the statute, Movant can point to only one which even arguably applies here.

/////

---

[1] Factual statements made here are supported by declaration testimony of Hourig Baghdasarian, Debtor's president, or by Debtor's counsel. Although that testimony may not have been adduced in the context of this contested matter, counsel for the United States Trustee, and the Trustee have been served with all documents filed in the Case.

**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**

## III. THE STATUTORY STANDARD

The Motion is governed by section 1112(b) of the Bankruptcy Code. Subsection 1112(b)(1) provides, in pertinent part:

> " . . . on request of a party in interest, and after notice and a hearing, absent unusual circumstances [indicating that] conversion or dismissal is not in the best interests of creditors and the estate . . . [the Court may grant relief]"

The Motion does not explain how granting the relief it seeks will inure to the benefit of anyone. The Motion completely ignores the effect of either remedy on any creditor of Debtor's chapter 11 estate ("Estate"). If all Movant intended was to catalyse and police Debtor's compliance with the Guidelines, to the extent Debtor might not otherwise have done so, the Motion has had a salient effect.[2]

### A.  Cause Under Section 1112

As indicated above, section 1112 contains a lengthy definition of the term "cause" which was substantially expanded by BAPCPA. Though, concededly, not exhaustive, the provision is certainly expansive. It provides:

> "(4)  For purposes of this subsection, the term 'cause' includes –
>
> (A)  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B)  gross mismanagement of the estate;
>
> (C)  failure to maintain adequate insurance . . .;
>
> (D)  unauthorized use of cash collateral substantially to 1 or more creditors;
>
> (E)   failure to comply with an order of the court;
>
> (F)  unexcused failure to satisfy . . . any filing or reporting requirement

---

[2] Debtor is of the belief that it will soon have satisfied all of the Guidelines, to the extent applicable to the Case.

**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**

3

. . .

(G) failure to attend a meeting of creditors . . .

(H) failure to timely provide information . . .

(I) failure to timely pay taxes . . .

(J) failure to file a disclosure statement [etc.] . . .

(K) failure to pay any fees or charges . . .

(L) revocation of an order of confirmation . . .

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default . . . with respect to a confirmed plan;

(O) termination of a confirmed plan . . .

(P) failure of the debtor to pay any domestic support obligation . . ."

It is patently obvious that Movant can, at best, satisfy only one of the definitional criteria established by the statute.   Debtor concedes, as it must, that it has not, at least of this writing, satisfied all of the "reporting requirement[s]" dictated by the Guidelines. However, Debtor submits that it has compelling justification for any tardiness, and that it will have, before the date and time set for hearing on the Motion, rectified all prior reporting oversights or omissions.  Moreover, nothing Debtor has done in the Case, or not done according to the timeline[s] set forth in the Guidelines has caused any harm to any interested party.

**IV.    CONCLUSION**

As indicated from the outset, Movant has not satisfied its burden; but, even if it had, the Draconian "solution" they would ask the Court to impose is not in the best interest of creditors or of the Estate.   The legislature cannot have intended the provisions of section 1112 to compel any result for this Debtor in this Case other than to allow the prospects of reorganization to have been fairly tested.  It may be that, at some future

**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**

4

1  juncture, based on very different circumstances all will conclude that dismissal or
2  conversion of the Case is a sensible resolution; but the time is not now.   The Motion
3  should be denied.

Dated: December 2, 2010          LAW OFFICES OF STEPHEN F. BIEGENZAHN

                                 By:_____/s/ *Steve Biegenzahn*_____
                                     STEPHEN F. BIEGENZAHN

**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**

LAW OFFICES OF STEPHEN F. BIEGENZAHN
611 W. 6th St., Suite 850, Los Angeles, CA  90017-3101
Telephone: (213) 617-0017  Facsimile: (480) 247-5977

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 611 W. 6th St., Suite 850, Los Angeles, CA 90017-3101.

A true and correct copy of the foregoing document described as: **NOTICE OF HEARING ON DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL.**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 2, 2010, I checked the CM/ECF docket for this bankruptcy case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Stephen F Biegenzahn    efile@sfblaw.com       Vivian Bodey    vivian.bodey@irscounsel.treas.gov
Dare Law    dare.law@usdoj.gov

Emily Z Manninger    manninger@luch.com       J Paul Moorhead    moorhead@luch.com

R G Pagter    gibson@pagterandmiller.com,
pandm@pagterandmiller.com;pagterandmiller@yahoo.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On December 2, 2010,I served the following person by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**BY FIRST CLASS MAIL**

Chambers of Judge Vincent Zurzolo
United States Bankruptcy Court
225 E. Temple St., Room 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 4, 2010 I caused the debtor's staff to serve the following persons and entityies by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Dare Law    dare.law@usdoj.gov       Vivian Bodey    vivian.bodey@irscounsel.treas.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**

6

**LAW OFFICES OF STEPHEN F. BIEGENZAHN**
611 W. 6th St., Suite 850, Los Angeles, CA 90017-3101
Telephone: (213) 617-0017    Facsimile: (480) 247-5977

| | | |
|---|---|---|
| December 2, 2010 | | /s/ *Steve Biegenzahn* |
| *Date* | *Type Name* | *Signature* |

**LAW OFFICES OF STEPHEN F. BIEGENZAHN**
611 W. 6th St., Suite 850, Los Angeles, CA  90017-3101
Telephone: (213) 617-0017   Facsimile: (480) 247-5977

**DEBTOR'S MEMORANDUM IN RESPONSE TO MOTION FOR DISMISSAL OR CONVERSION**